1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7 ATHENA MILLER,

Petitioner,

8

v.

9

10 UNITED STATES OF AMERICA,

Respondent.

11

Case No. 18-cv-07225-JCS (PR)

**ORDER DIRECTING RESPONDENT
TO FILE A MOTION TO DISMISS
OR A DECLINATION TO FILE
SUCH A MOTION**

12

**INTRODUCTION**

13        Petitioner, a federal prisoner convicted in Texas but housed in this district, seeks

14 habeas relief under 28 U.S.C. § 2241 from her federal convictions and sentence.  As a

15 general rule, federal prisoners must pursue such relief under 28 U.S.C. § 2255.  Petitioner

16 has not made the requisite showing to proceed under § 2241.  Accordingly, on or before

17 **March 25, 2019**, respondent shall file either (1) a motion to dismiss on grounds that

18 petitioner cannot proceed under § 2241; or (2) a notice declining to file such a motion.

19

**BACKGROUND**

20        According to the petition, in 2009 petitioner pleaded guilty in the Western District

21 of Texas to one count of violating 21 U.S.C. § 841(b).  (Pet., Dkt. No. 1 at 1.)  A sentence

22 of 240 months imprisonment and ten years of supervised release was imposed.  (*Id.*)  Her

23 sentence was based in part on the fact that she had a prior Texas state conviction.

24 Petitioner is currently housed in at FCI–Dublin.

25        Petitioner has consented to magistrate judge jurisdiction.  (Dkt. No. 4.)  The filing

26 fee has been paid.  (Dkt. No. 6.)

27

**STANDARD OF REVIEW**

28        The Court may entertain a petition for writ of habeas corpus from a person claiming

1  to be "in custody in violation of the Constitution or laws or treaties of the United States."

2  28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas

3  corpus shall "award the writ or issue an order directing the respondent to show cause why

4  the writ should not be granted, unless it appears from the application that the applicant or

5  person detained is not entitled thereto." 28 U.S.C. § 2243.

### DISCUSSION

7  Petitioner challenges the validity of her sentence. To this end, she has filed in this

8  Court a petition under 28 U.S.C. § 2241, rather than, as is customary, filing a motion under

9  § 2255 in the sentencing court. She has not shown that she is entitled to use § 2241,

10  however.

11  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by

12  which a federal prisoner may test the legality of his detention." *Stephens v. Herrera*, 464

13  F.3d 895, 897 (9th Cir. 2006) (citing *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003)).

14  This restriction cannot be avoided by filing a petition under 28 U.S.C. § 2241. *Id.* (citing

15  *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

16  There is an exception to this general rule. Section 2241 can be used if a federal

17  prisoner can show that a motion under § 2255 is "inadequate or ineffective to test the

18  validity of his detention." *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).

19  This is known as the "savings clause," *id.* at 864, or the "escape hatch," *Lorentsen v. Hood*,

20  223 F.3d 950, 953 (9th Cir. 2000). The Ninth Circuit has recognized that it is a very

21  "narrow exception." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

22  When a prisoner files a habeas petition under § 2241 on grounds that the remedy

23  provided by § 2255 is inadequate or ineffective, the district court must determine whether

24  a § 2241 remedy is available under the escape hatch of § 2255. *See Hernandez*, 204 F.3d

25  at 864-65. This inquiry is critical to the determination of district court jurisdiction because

26  the proper district for filing depends on whether the petition is filed pursuant to § 2241 or

27  § 2255. *See id.* at 865.

28  Petitioner has not shown that she is entitled to use § 2241. Respondent is directed

1    to file a motion to dismiss on grounds that petitioner cannot proceed under § 2241, or file a

2    notice declining to file such a motion. **In her response to the motion, petitioner show**

3    **why she cannot present her claims in the sentencing court by way of a motion under**

4    **§ 2255.**

5    　　The Court notes the following. The remedy under § 2255 generally will not be

6    inadequate or ineffective due to a delay in considering a motion under § 2255 until direct

7    appeals are resolved, *see Pirro*, 104 F.3d at 299; or due to the mere fact that a previous

8    § 2255 motion was denied, *see Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Tripati v. Henman*,

9    843 F.2d 1160, 1163 (9th Cir. 1998); *see also Lane v. Hanberry*, 601 F.2d 805 (5th Cir.

10   1979) (whether seeking to raise new issue or relitigate one already decided by prior

11   § 2255, § 2241 not proper unless petitioner can show that § 2255 proceeding is inadequate

12   or ineffective; must show more than lack of success in prior § 2255). Even the dismissal

13   of a subsequent § 2255 motion as successive under 28 U.S.C. § 2244(b) does not render

14   federal habeas relief under § 2255 an ineffective or inadequate remedy per se. *Lorentsen*,

15   223 F.3d at 953 ("§ 2241 is not available under the inadequate-or-ineffective-remedy

16   escape hatch of § 2255 merely because the court of appeals refuses to certify a second or

17   successive motion under the gatekeeping provisions of § 2255"); *Moore v. Reno*, 185 F.3d

18   1054, 1055 (9th Cir. 1999) (dismissal of § 2255 motion as successive under AEDPA does

19   not render federal habeas relief under § 2255 an inadequate or ineffective remedy).

20   　　　　　　　　　　　　　　　**CONCLUSION**

21   　　1. The Clerk shall issue a Magistrate Judge jurisdiction consent/declination form

22   and the United States Marshal shall serve this form on respondent, as well as a copy of this

23   order, the petition and all attachments thereto. The Clerk shall also serve a copy of this

24   order on petitioner.

25   　　2. On or before **March 25, 2019**, respondent shall file a motion to dismiss on the

26   procedural grounds discussed above, or a notice declining to file such a motion.

27   　　If respondent files such a motion, petitioner shall file with the Court and serve on

28   respondent an opposition or statement of non-opposition within thirty (30) days of the date

1    the motion is filed, and respondent shall file with the Court and serve on petitioner a reply

2    within fifteen (15) days of the date any opposition is filed.

3          3.  If respondent declines to file such a motion, the Court will set a deadline for

4    filing an answer addressing the merits of petitioner's claims.

5          4.  Petitioner is reminded that all communications with the Court must be served on

6    respondent by mailing a true copy of the document to respondent.

7          5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

8    Court and respondent informed of any change of address and must comply with the

9    Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this

10   action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11         6.  Upon a showing of good cause, requests for a reasonable extension of time will

12   be granted provided they are filed on or before the deadline they seek to extend.

13         7.  Petitioner has consented to magistrate judge jurisdiction.  (Dkt. No. 4.)

14         8.  The filing fee has been paid.  (Dkt. No. 6.)

15   **IT IS SO ORDERED.**

16   Dated:  January 18, 2019

17                                                        _____
                                                         JOSEPH C. SPERO
18                                                       Chief Magistrate Judge

19

20

21

22

23

24

25

26

27

28

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    ATHENA MILLER,                              Case No.  18-cv-07225-JCS

             Plaintiff,
8
9          v.                                    **CERTIFICATE OF SERVICE**

10   UNITED STATES OF AMERICA,

             Defendant.
11

12         I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.
13

14         That on January 18, 2019, I SERVED a true and correct copy(ies) of the attached, by
     placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
15   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
     receptacle located in the Clerk's office.
16

17   Athena Miller ID: 34015-280
     Federal Correctional Institution
18   570 8th Street
     Camp Parks, Unit E
19   Dublin, CA 94568

20

21
     Dated: January 18, 2019
22

23                                              Susan Y. Soong
                                                Clerk, United States District Court
24
25   By:_____
26                                              Karen Hom, Deputy Clerk to the
                                                Honorable JOSEPH C. SPERO
27

28

5