1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

ATHENA MILLER,

Petitioner,

Case No. 18-cv-07225-JCS (PR)

12
13

v.

**ORDER OF DISMISSAL**

14

UNITED STATES OF AMERICA,

15

Respondent.

Dkt. No. 8

16
17

**INTRODUCTION**

18

Petitioner, a federal prisoner convicted in Texas but housed in this district, seeks

19

habeas relief under 28 U.S.C. § 2241 from her federal convictions and sentence. As a

20

general rule, federal prisoners must pursue such relief under 28 U.S.C. § 2255. Petitioner

21

seeks relief under § 2241 on grounds that § 2255 is an inadequate means to test the legality

22

of her conviction.

23

However, petitioner has not shown she is entitled to use § 2241, as pointed out in

24

respondent's motion to dismiss. (Dkt. No. 8.) Because she cannot use § 2241, this Court

25

lacks jurisdiction over her petition. Accordingly, the petition is DISMISSED.

26
27
28

**BACKGROUND**

In 2009 petitioner pleaded guilty in the United States District Court in the Western District of Texas to one count of conspiracy to manufacture methamphetamine (21 U.S.C. §§ 841, 841(a)(1), and 841(b)(1)(A)(viii)).  (Pet., Dkt. No. 1 at 1; Mot. to Dismiss (MTD), Dkt. No. 8 at 2.)  A sentence of 240 months imprisonment and ten years of supervised release was imposed.  (*Id.*)  Her sentence was enhanced because she had a prior 2002 Texas state conviction for possessing with the intent to manufacture a controlled substance, specifically methamphetamine.  (MTD, Dkt. No. 8 at 2.)  According to the docket in her federal Texas case, petitioner did not appeal her federal conviction, nor has she ever filed a motion under 28 U.S.C. § 2255 in the sentencing court.  (*USA v. Miller*, No. 3:09-cr-00974-FM-1; MTD, Dkt. No. 8 at 2.)  In 2016, she did move for a sentence reduction under 18 U.S.C. § 3582(c)(2), which was denied.  (*Miller*, Dkt. No. 566; MTD, Dkt. No. 8 at 2.)

In 2018, while housed at FCI-Dublin, petitioner filed the current § 2241 petition, which the Court ordered respondent to address.  (Dkt. Nos. 1 and 7.)  Respondent filed a motion to dismiss, which is the subject of the present order.  (Dkt. No. 8.)  Petitioner did not file an opposition to the motion to dismiss.  The parties have consented to magistrate judge jurisdiction.  (Dkt. Nos. 4 and 9.)

As grounds for federal habeas relief, petitioner contends the Texas state conviction that was used to enhance her federal sentence is no longer considered a drug trafficking offense and therefore cannot be used to enhance her federal sentence nor to label or punish her as a "career offender."  (Pet., Dkt. No. 1 at 2.)

**STANDARD OF REVIEW**

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or

2

1   person detained is not entitled thereto." 28 U.S.C. § 2243.

2                                    **DISCUSSION**

3          Petitioner challenges the validity of her sentence. To this end, she has filed in this

4   Court a petition under 28 U.S.C. § 2241, rather than, as is customary, filing a motion under

5   § 2255 in the sentencing court. She has not shown that she is entitled to use § 2241,

6   however.

7          "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by

8   which a federal prisoner may test the legality of his detention." *Stephens v. Herrera*, 464

9   F.3d 895, 897 (9th Cir. 2006) (citing *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003)).

10  This restriction cannot be avoided by filing a petition under 28 U.S.C. § 2241. *Id.* (citing

11  *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

12         There is an exception to this general rule. Section 2241 can be used if a federal

13  prisoner can show that a motion under § 2255 is "inadequate or ineffective to test the

14  validity of his detention." *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).

15  This is known as the "savings clause," *id.* at 864, or the "escape hatch," *Lorentsen v. Hood*,

16  223 F.3d 950, 953 (9th Cir. 2000). The Ninth Circuit has recognized that it is a very

17  "narrow exception." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

18         When a prisoner files a habeas petition under § 2241 on grounds that the remedy

19  provided by § 2255 is inadequate or ineffective, the district court must determine whether

20  a § 2241 remedy is available under the escape hatch of § 2255. *Hernandez*, 204 F.3d at

21  864-65. This inquiry is critical to the determination of district court jurisdiction because

22  the proper district for filing depends on whether the petition is filed pursuant to § 2241 or

23  § 2255. *Id.* at 865. If the escape hatch is not properly invoked, then the Court lacks

24  jurisdiction over the petition. *Id.*

25         A petition under the escape hatch is permissible "when a petitioner (1) makes a

26  claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at

27  presenting that claim." *Stephens*, 464 F.3d at 898 (quoting *Ivy*, 328 F.3d at 1060). *Id.*

28

                                          3

### i.     Actual Innocence

Petitioner contends the state statute under which she was convicted is no longer a drug trafficking offense. Therefore it cannot be used to enhance her federal sentence. She is, according to her, "actually innocent of the penalty impose [*sic*] and ineligible to receive the § 851 enhancement in this case." (Pet., Dkt. No. 1 at 2.) Nor can her conviction be used to label or punish her as a "career offender."

There are several reasons this claim cannot succeed. First, petitioner must show she is actually innocent of the *federal* crime of which she was convicted, not innocent of the crime underlying the sentencing enhancement. Second, it is not clear a claim of being actually innocent *of a sentence* is an appropriate invocation of the escape hatch. The Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). Third, this is a purely legal claim, not one of actual innocence. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In fact, the case on which she rests her contention that the state conviction cannot be used (*Mathis v. United States*, 136 S. Ct. 2243 (2016)) supports only a purely legal claim, not one of actual innocence.[1]

In sum, petitioner has made no showing of actual innocence. She therefore has not properly invoked the escape hatch of § 2255. The petition must be dismissed.

---

[1] *Mathis* addressed highly technical matters regarding the second step in "a three-step analysis to determine whether a prior conviction under state law qualifies as a predicate drug trafficking offense under the federal sentencing guidelines." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017). At this second step, courts are to ask whether a statute is a divisible statute which "sets out one or more elements of the offense in the alternative." *Id.* (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)). "In *Mathis*, the Supreme Court reiterated the importance of the abstract comparison of elements, explaining that a statute is divisible only when it 'list[s] elements in the alternative, and thereby define[s] multiple crimes.'" *Id.* at 1038-39 (quoting *Mathis*, 136 S. Ct. at 2249).

United States District Court
Northern District of California

### ii.  Unobstructed Procedural Shot

Even if petitioner had made a showing of actual innocence, she would still have to show she has not had an unobstructed procedural shot at presenting her claim. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960-61 (quoting *Stephens*, 464 F.3d at 898).[2] To this end, courts consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion. *Id.* (quoting *Ivy*, 328 F.3d at 1060-61).

Petitioner cannot make such a showing because she has never filed a § 2255 motion nor an appeal. Therefore, this Court cannot consider whether the legal basis did not arise until after her first § 2255 motion, nor whether the law changed after that first § 2255 motion. Also, petitioner has not shown any reason she could not have raised her contentions by way of a § 2255 motion in the sentencing court.[3] She has not shown, for

---

[2] In *Stephens*, the petitioner was able to show that he hadn't had an unobstructed procedural shot at presenting his claim. Several years after his § 2255 motion had been denied, the U.S. Supreme Court issued a ruling that permitted a statutory claim that was previously unavailable to petitioner. *Id.* at 898. Because this was a statutory claim, he could not raise it by way of a new motion under § 2255, which requires that a successive claim be based on a "new rule of constitutional law" or on "newly discovered evidence." *Id.* Because he demonstrated that he was barred from pursuing relief under § 2255, the court held that he had shown that he had not had an unobstructed procedural shot at pursuing his claim. However, he was unable to make out a claim of actual innocence. *Stephens*, 464 F.3d at 899. His § 2241 petition was therefore dismissed for failure to properly invoke the escape hatch provision. *Id.*

[3] The Court notes the following. The remedy under § 2255 generally will not be inadequate or ineffective due to a delay in considering a motion under § 2255 until direct appeals are resolved, *see Pirro*, 104 F.3d at 299; or due to the mere fact that a previous § 2255 motion was denied, *see Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1998); *see also Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979) (whether seeking to raise new issue or relitigate one already decided by prior § 2255, § 2241 not proper unless petitioner can show that § 2255 proceeding is inadequate or ineffective; must show more than lack of success in prior § 2255). Even the dismissal of a subsequent § 2255 motion as successive under 28 U.S.C. § 2244(b) does not render federal habeas relief under § 2255 an ineffective or inadequate remedy per se. *Lorentsen*, 223 F.3d at 953 ("§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or

instance, why she could not have filed a § 2255 in the sentencing court after *Mathis* issued. In sum, even if petitioner had shown she was actually innocent, the petition would have to be dismissed because she has not shown that she has not had an unobstructed procedural shot at presenting her claims.

## CONCLUSION

Petitioner has not shown she is allowed to use § 2241. Respondent's motion to dismiss is GRANTED. (Dkt. No. 8.) This § 2241 habeas corpus action is DISMISSED for want of jurisdiction.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** September 27, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

---

successive motion under the gatekeeping provisions of § 2255"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of § 2255 motion as successive under AEDPA does not render federal habeas relief under § 2255 an inadequate or ineffective remedy).